IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | Case No. 18-22548-GLT |
| | ) | Chapter: 13 |
| Todd M. Smith, | ) | |
| *Debtor(s)* | ) | Docket No. |
| | ) | |
| Todd M. Smith, | ) | |
| *Movant(s)* | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Specialized Loan Servicing LLC, | ) | |
| Peoples Natural Gas Company, | ) | |
| Toyota Lease Trust, | ) | |
| Penn Hills Municipality, | ) | |
| Penn Hills School District, | ) | |
| US Bank National Association, | ) | |
| Fidelity National Title Insurance Company, | ) | |
| Portfolio Recovery Associates LLC, | ) | |
| Capital One Bank USA NA, | ) | |
| The Bank of New York Mellon, | ) | |
| Duquesne Light Company, | ) | |
| PNC Bank NA, | ) | |
| DiTech Financial LLC, | ) | |
| Borough of Avalon, | ) | |
| Office of the United States Trustee, | ) | |
| *Respondents* | ) | |
| Ronda J. Winnecour, Eq., | ) | |
| *Chapter 13 Trustee, W.D. PA* | ) | |

**AMENDED PROPOSED ORDER CONFIRMING CHAPTER 13 SALE OF PROPERTY
FREE AND DIVESTED OF LIENS**

AND NOW, this _____ of _____, 2019, on consideration of the Debtor's Motion for Sale of Property Free and Divested of Liens to Farbarik Enterprises, LLC, for $200,000.00, after hearing held in Courtroom A, 54th Floor, 600 Grant Street, Pittsburgh, PA, this date, the Court finds:

(1) That service of the Notice of Hearing and Order setting hearing on said Motion for private sale of real property free and divested of liens of the above named Respondent, was affected on the following creditors since the Debtor does not have any secured liens against the property.

**DATE OF SERVICE**        **NAME OF LIENOR AND SECURITY**

**July 29, 2019**          **Bank of New York Mellon**
**July 29, 2019**          **Alison White**

   (2) That sufficient general notice of said hearing and sale, together with the confirmation hearing thereon, was given to the creditors and parties in interest by the moving party as shown by the certificate of serviced duly filed and that the named parties were duly served with the Motion.

   (3) That said sale hearing was duly advertised in the **Westmoreland Tribune Review on September 19, 2019 and in the Westmoreland County Legal Journal on September 20. 2019,** as shown by the Proof of Publications that are to be duly filed.

   (4) That at the sale hearing the highest/best offer received was that of the above Purchasers and no objections to the sale were made which would result in cancellation of said sale.

   (5) That the price of $200,000.00 was offered by Farbarik Enterprises, LLC was a full and fair price for the property in question.

   (6) That the Purchaser has acted in good faith with respect to the within sale in accordance with In re Abbotts Dairies of Pennsylvania, Inc., 788 F2d.143 (*3d Cir. 1986).

   Now therefore, **IT IS ORDERED, ADJUDGED AND DECREED**, that the sale by Special Warranty deed of the real property described as 5303-5309 Kistler Rd Export, PA 15632 in Westmoreland County is hereby **CONFIRMED** to Farbarik Enterprises, LLC for $200,000.00, free and divested of the above recited liens and claims, and, that the Movant is authorized to make, execute and deliver to the Purchasers above named the necessary deed and/or other documents required to transfer title to the property purchased upon compliance with the terms of sale;

   IT IS FURTHER ORDERED, that the above recited liens and claims, be, and they hereby, are, transferred to the proceeds of sale, if and to the extent they may be determined to be valid liens against the sold property, that the within decreed sale shall be free, clear and divested of said liens and claims;

   FURTHER ORDERED, that the following expenses/costs shall immediately be paid at the time of closing. *Failure of the closing agent to timely make and forward the disbursements required by this Order will subject the closing agent to monetary sanctions*, including among other things, a fine or the imposition of damages, after notice and hearing, for failure to comply with the above terms of this Order. Except as to the distribution specifically authorized herein, all remaining funds shall be held by Counsel for Movant pending further Order of this Court after notice and hearing.

   (1) Current real estate taxes, pro-rated to the date of closing;
   (2) First Mortgage Lien to the Bank of New York Mellon in the amount of $86,957.21 (payoff to be confirmed prior to closing);
    Second Mortgage Lien to Alison White in the amount of $58,000.00 (payoff to be confirmed prior to closing) payable to Ronda Winnecour,Trustee.  The Trustee will disburse the mortgage proceeds to Alison White at 6216 Antler Hill Drive, Trafford, PA 15085 upon receipt of documentation regarding the disbursements on the loan.  No claim was

      filed by this lien holder: therefore, the balance is an estimate and must be reviewed by the Trustee

(3) The costs of local newspaper advertising in the amount of $_____;

(4) The costs of legal journal advertising in the amount of $_____;

(5) Motion to Sell Free & Clear Filing Fee Reimbursement in the amount of $185.00 payable directly to Steidl & Steinberg, P.C. at Suite 2830 – Gulf Tower, 707 Grant Street, Pittsburgh, PA 15219;

(6) Court approved attorney fees and costs in the amount of $1,740.00 payable directly to Steidl & Steinberg, P.C. at Suite 2830 – Gulf Tower, 707 Grant Street, Pittsburgh, PA 15219;

(7) Chapter 13 Trustee "percentage fees" in the amount of $_____ payable to "*Ronda J. Winnecour, Ch. 13 Trustee, P. O. Box 2587, Pittsburgh, PA 15230*";

(8) The "net proceeds" from the closing as identified on the HUD-1 to the Chapter 13 Trustee payable to "*Ronda J. Winnecour, Ch. 13 Trustee. PO Box 84051, Chicago, IL 60689-4002*"

(9) Other:_____.

FURTHER ORDERED that:

(1) ***Within seven (7) days of the date of this Order,*** the Movant/Plaintiff shall serve a copy of the within *Order* on each Respondent/Defendant (i.e., each party against whom relief is sought) and its attorney of record, if any, upon any attorney or party who answered the motion or appeared at the hearing, the attorney of the debtor, the Closing Agent, the Purchaser, and the attorney for the Purchaser, if any, ad file a certificate of service.

(2) ***Closing shall occur by October 30, 2019 unless additional time is granted by this honorable court.***

*(3)* ***Within seven (7) days following closing,*** the Movant/Plaintiff shall file a ***Report of Sale*** which shall include a copy of the HUD-1 or other Settlement Statement; and,

(4) This *Sale Confirmation Order* survives any dismissal or conversion of the within case.

_____J
GREGORY L. TADDONIO
United States Bankruptcy Judge